UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
WILLIAM E. HOOKS,

                                      Plaintiff,

            v.                                        9:07-CV-0724
                                                      (TJM)(RFT)
T. HOWARD, Correctional Officer, Upstate C. F.;
MR. McGRAW, Correctional Officer, Upstate C. F.;
GALIGER, Correctional Officer, Upstate C. F.;
MR. GREEN, Correctional Officer, Upstate C. F.;
MR. WILLETTE, Correctional Officer, Upstate C. F.,

_____
                                      Defendants.

APPEARANCES:                          OF COUNSEL:

WILLIAM E. HOOKS
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL        CHRISTOPHER W. HALL, ESQ.
State of New York                     Assistant Attorney General
Attorney for Defendants

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION AND ORDER

### I.    Introduction

        Presently before this Court is a motion from plaintiff William E. Hooks for a

preliminary injunction.  Dkt. No. 31.

        Defendants have filed papers in opposition to the motion.  Dkt. No. 32.

        By his complaint, plaintiff asserts claims against the defendants arising out of his

confinement at Upstate Correctional Facility.  Plaintiff claims, *inter alia*, that defendant

Howard subjected him to ongoing acts of harassment and abuse, and threw hot coffee

at him on February 15, 2005.  Dkt. No. 1 at 4-6.  Plaintiff further alleges that he was

assaulted by defendant McGraw and Willette on August 7, 2006 and was seriously

injured.  *Id*. at 7-8.  According to plaintiff, the assault was witnessed by defendants

Galiger and Green, neither of whom intervened on plaintiff's behalf.  *Id*. at 8.

An answer to the complaint was filed on behalf of the defendants in December,

2007.  Dkt. No. 22.

## II.   Discussion

The standard a court must utilize in considering whether to grant a request for

injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in *Covino v.*

*Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and

(b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious

questions going to the merits and a balance of hardships tipping decidedly toward the

party seeking injunctive relief.  *Id*. at 77 (affirming district court's denial of inmate's

request for preliminary injunction).  Where, however, a movant seeks relief which will

alter, rather than maintain, the status quo, or which will provide him with substantially all

the relief sought, the injunction sought is properly characterized as mandatory rather

than prohibitory.  A party seeking a mandatory injunction must make a "clear" or

"substantial" showing of the likelihood of success, as well as irreparable harm should

the injunction not be granted.  *See id*. at 473-74.

By his motion, plaintiff seeks an order of this Court restraining the defendants

from further acts of wrongdoing, including harassment and/or physical assault, denial of

adequate medical care, and interference with his mail.  Dkt. No. 31 at 2-3.  In the

alternative, plaintiff seeks an order transferring him to a Special Housing Unit in a

different correctional facility. *Id*. at 31-2 at 11.[1]  Plaintiff has submitted a motion, a

memorandum of law and copies of various documents, primarily grievances and

statements from other inmates.  *See* Dkt. No. 31-3.  Although referenced in his

memorandum of law, no supporting affidavit from plaintiff was submitted for filing.

Notwithstanding plaintiff's failure to file an affidavit, the Court has considered the

matters complained of in the papers relied upon by this *pro se* plaintiff.

　　　(a) Irreparable harm.

　　　"The showing of irreparable harm is the 'single most important prerequisite for

the issuance of a preliminary injunction.'" *Brown v. Middaugh*, 1998 WL 566791 at *1

(N.D.N.Y. Sept. 3, 1998) (Munson, S.J.) (citations omitted).  Speculative, remote or

future injury is not the province of injunctive relief.  *Los Angeles v. Lyons*, 461 U.S. 95,

111-12 (1983).  "Irreparable harm must be shown to be imminent, not remote or

speculative, and the injury must be such that it cannot be fully remedied by monetary

damages." *Roucchio*, 850 F.Supp. at 144.

　　　In his memorandum of law, plaintiff identifies ten incidents which occurred over a

five year period at Upstate Correctional Facility as the basis for the issuance of a

preliminary injunction.  In addition to matters complained of in his complaint, plaintiff

describes an assault by an unnamed correctional sergeant with rolled up paper and an

apparently unintentional injury to plaintiff's wrists by Officer Griffin, a non-defendant,

---

[1]  Insofar as plaintiff seeks a transfer to a different correctional facility, his motion must be denied.  It is settled in this Circuit that an inmate does not a have a right to be confined to the prison of his own choosing. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Mendez v. Mantello*, 93-CV-0908 (N.D.N.Y. Sept. 1, 1994) (DiBianco, M.J.) (citing *Meriwether v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir. 1989)).

both occurring in July, 2004; an assault by defendant Howard in June, 2007; and a "mental breakdown" suffered by plaintiff in January, 2008.  *See* Dkt. No. 32-2 at 5-9.  Plaintiff also submitted letters from three inmates stating that they had been propositioned by Corrections Officer Hermann, who is not a defendant in this action, to assault plaintiff.  *Id*.; *see* Dkt. No. 31-3 at 5-10.  These "requests" are reported to have been made in February and May of 2007.  *Id.*

Upon due consideration, the Court finds that plaintiff's claims that he will be irreparably harmed if the requested relief is not granted are speculative at best and do not provide a basis for the award of injunctive relief.  The incidents described by plaintiff appear to be discrete events occurring over a protracted period and involving, in most instances, corrections personnel who are not parties to this action.[2]  There is no showing that plaintiff has been subjected to a pattern of ongoing misconduct or that further incidents are imminent.

    (b)    Likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the plaintiff.

In addition, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief.  *See Covino*, 967 F.2d at 77.

---

[2]  Except in limited circumstances not relevant here, a Court may not order injunctive relief as to non-parties to an action.  *See* Fed. R. Civ. P. 65 (d); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).

4

In the present case, the Court finds that plaintiff's motion and supporting documentation do not constitute proof of the allegations in his complaint such that the extraordinary remedy of preliminary injunctive relief appears warranted.

Therefore, the Court finds that plaintiff has failed to demonstrate that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him.

## III.   Conclusion

Since plaintiff failed to establish the requisite elements for injunctive relief discussed above, his motion must be denied.

WHEREFORE, on the basis of the above, it is hereby

ORDERED, that plaintiff's motion for injunctive relief (Dkt. No. 31) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties by regular mail.

IT IS SO ORDERED.

Dated: July 3, 2008

Thomas J. McAvoy
Senior, U.S. District Judge